IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAMMERS BARREL PRP GROUP, | ) | CASE NO. 3:17-cv-00135-WHR |
| | ) | |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| | ) | MAGISTRATE JUDGE SHARON L. |
| v. | ) | OVINGTON |
| | ) | |
| CARBOLINE COMPANY, *et al.* | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ETC SUNOCO HOLDINGS, LLC** |
| Defendants. | ) | **F/K/A SUNOCO, INC.'S AND** |
| | ) | **CARBOLINE COMPANY'S** |
| | ) | **MOTION *IN LIMINE* TO EXCLUDE** |
| | ) | **NEWSPAPER ARTICLES AND** |
| | ) | **COLUMNS AND OTHER HEARSAY** |
| | ) | **EVIDENCE** |

**I.     INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff, Lammers Barrel PRP Group ("Plaintiff" or the "PRP Group"), seeks to hold Defendants ETC Sunoco Holdings, LLC f/k/a Sunoco, Inc. ("Sunoco") and Carboline Company ("Carboline") liable under CERCLA for cleanup costs at the Lammers Barrel Superfund Site (the "Site"). Since there is no evidence that either Sunoco or Carboline themselves disposed, or arranged for the disposal of, any hazardous substances at the Site, Plaintiff is attempting to hold Sunoco and Carboline liable for the alleged conduct of entities known as The Moran Paint Company ("Moran Paint"), which is further alleged to have conducted business activities at or near the Site several decades ago, and years before the Site was destroyed by a catastrophic fire and explosions in 1969.

In its Motion for Partial Summary Judgment Against Defendant Carboline Company (Dkt. No. 65; note that Plaintiff did not seek judgment against Sunoco), Plaintiff relies on several articles from the *St. Louis Post-Dispatch* and the *Xenia Daily Gazette* to support its factual assertions of Moran's business activities (*see* Dkt. No. 65 at 7-10). Sunoco and Carboline further expect that

Plaintiff will attempt to rely on other newspaper articles produced by the United States in discovery in its cost recovery action against Sunoco. Those documents include more such newspaper articles and columns from past decades such as the "Greene Lights" column from Xenia's 1940's paper *The Gazette*. These documents, however, constitute inadmissible hearsay and should be excluded at trial.

### III. LAW AND ARGUMENT

#### A. Standard for Granting Sunoco's and Carboline's Motion *in Limine*.

This Court recently held as follows regarding granting a motion *in limine*:

> Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion *in limine*, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38,41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Also, pretrial orders often save the parties time and costs in preparing for trial and presenting their cases.

*Hobart Corp. v. Dayton Power & Light Co.*, No. 3:13-cv-115 (Sept. 23, 2019), 2019 U.S. Dist. LEXIS 162464, **62-63.

Under these standards, none of Plaintiff's articles or columns is admissible. The materials on which Plaintiff relies, or the articles and columns on which it may later rely, contain double hearsay, and they were written by individuals who appear to have no experience in the corporate, manufacturing, or environmental issues for which Plaintiff offers the materials as substantive proof.

#### B. None of Plaintiff's Articles Is Admissible.

Newspaper articles are typically considered hearsay under Evidence Rule 801(c) when offered for the truth of the matter asserted. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295

2

(5th Cir. 2005) (newspaper articles are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay); *United States ex rel. Woods v. Empire Blue Cross & Blue Shield*, No. 99 Civ. 4968(DC), 2002 U.S. Dist. LEXIS 15251, 2002 WL 1905899, * 1, n.1 (S.D.N.Y. Aug. 19, 2002); *In re Columbia Secs. Litig.*, 155 F.R.D. 466, 474 (S.D.N.Y. 1994) (press reports were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted). The fact that the articles might be considered "ancient documents" does not carry the day as to admissibility.

Moreover, the articles contain double hearsay. As explained in *Ruth v. A.O. Smith Corp.*, 615 F. Supp. 2d 648 (N.D. Ohio 2005), *summary judgment denied* by 2005 U.S. Dist. LEXIS 23235 (N.D. Ohio, Oct. 11, 2005), the court noted that the issue of hearsay in the form of older documents "implicates Rule 805, which provides: 'Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.'" *Id.* at 652:

> The answer is that not all statements contained in an ancient document are automatically admissible: "Courts that have dealt with the issue of hearsay statements within ancient documents that are brought in by Fed. R. Evid. 803(16) have concluded that the hearsay within hearsay problem persists, and that excluding parts of such documents because of double hearsay is an appropriate application of Rule 805.

*Id.* (citing cases). Plaintiff cannot satisfy the hearsay rule with respect to the newspaper articles and columns on which it relies.

Thus, "[e]ven when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1090 (C.D. Cal. 2005); *see also Larez v. Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) ("As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay

3

problem"). In short, statements in newspapers often constitute double hearsay. *See Brumley v. Albert E. Brumley & Sons, Inc.*, No. 3:08-CV-1193, 2010 U.S. Dist. LEXIS 35028, 2010 WL 1439972, at *6 (M.D. Tenn. Apr. 9, 2010) (highlighting potential double hearsay problem invoked by transcripts of an interview, book experts, and various magazine articles). That is the case with the articles Plaintiff relies on here.

Lastly, there is an additional – and compelling – reason not to accept as evidence the statements made in these hearsay documents. None of the cited articles come from a source that suggests that the author had any understanding of corporate organization or environmental liability based on alleged corporate succession. *Brumley v. Albert E. Brumley & Sons, Inc.,* No. 3:08-CV-1193, 2010 U.S. Dist. LEXIS 68552, at *6-9 (M.D. Tenn. July 9, 2010), is instructive:

> [*Hicks v. Charles Pfizer & Co.*, 466 F. Supp. 2d 799 (E.D. Tex. 2005),] recognized that admissibility ***decisions must be informed by considerations of the declarant's personal knowledge***, and it cautioned against admission where the "***danger of faulty perception persists unabated because a narrator, such as a reporter, may not properly record the remarks of the speaker.***" 466 F. Supp.2d at 806. In a recent case, another district court held that, while a series of newspaper articles fit the technical definition of "ancient documents," they were still inadmissible as they were "littered with admissibility issues" and other indicia of unreliability, ***including that the reports omitted key information*** and were sensationalistic. *Emhart Industries, Inc. v. Home Ins. Co.*, 515 F. Supp.2d 228, 268 (D.R.I. 2007). Clearly, a well-reasoned approach cannot simply deem troubling documents admissible because they happen to be "ancient." . . . .
>
> ***"[T]o be admissible . . . an ancient document must generally be based on the personal knowledge of its author***. However, it would usually be impossible to prove personal knowledge after the lapse of 20 years or more. ***Nevertheless, a showing from the circumstances that the declarant could have had the requisite knowledge may be required***." Weinstein & Berger, *Weinstein's Federal Evidence* § 803.18 (2002) (citing Advisory Committee notes); *see also EnergyNorth Natural Gas, Inc.,* 2003 U.S. Dist. LEXIS 5681, 2003 WL 1797946, *1 (D.N.H. April 3, 2003)(noting personal knowledge requirement); *Columbia First Bank v. United States*, 58 Fed. Cl. 333, 338 (Fed. Cl. 2003) (in the ancient document context, "a court may require a showing that the declarant could have had firsthand knowledge.")

*Id.* at *6-9 (emphasis added). Plaintiff can make no such showing here.

4

To the extent that Plaintiff intends to rely at trial on these random statements, from authors who often do not cite sources, as if they were admissions by the company as to the scope of its operations, the Court should reject them. These articles, in large part, do not even indicate the source of the information that is being generically reported. Every assertion that Plaintiff offers at trial that is based on a newspaper article or column should be rejected by the Court, as should the articles and columns themselves. Plaintiff cannot introduce newspaper articles or columns into evidence, either directly or through its experts. *See*, *e.g.*, *United States v. Rubi-Gonzalez*, 311 Fed. Appx. 483, 487 (2d Cir. 2009) (where expert "acknowledged that hearsay evidence – including books, newspaper articles, websites, audio recordings," and other hearsay, testimony subject to exclusion where it "involved merely repeating information he had read or heard").

### III. CONCLUSION

For the foregoing reasons, Sunoco and Carboline request that the Court enter an Order precluding the use of any newspaper articles or columns, or any such other hearsay evidence, at the trial of this matter.

Date:  November 5, 2019	Respectfully submitted,

*/s/ William E. Coughlin*
WILLIAM E. COUGHLIN (0010874)
Trial Attorney
SUSAN R. STROM (0043734)
RONALD M. McMILLAN (0072437)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 – Facsimile
*wcoughlin@calfee.com*
*sstrom@calfee.com*
*rmcmillan@calfee.com*

Attorneys for Defendants ETC Sunoco Holdings, LLC f/k/a Sunoco, Inc. and Carboline Company

4837-3221-5721, v.2