IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAMMERS BARREL PRP GROUP, | ) | CASE NO. 3:17-cv-00135-WHR |
| | ) | |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| | ) | MAGISTRATE JUDGE SHARON L. |
| v. | ) | OVINGTON |
| | ) | |
| CARBOLINE COMPANY, *et al.* | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ETC SUNOCO HOLDINGS, LLC** |
| Defendants. | ) | **F/K/A SUNOCO, INC.'S AND** |
| | ) | **CARBOLINE COMPANY'S** |
| | ) | **MOTION *IN LIMINE* TO EXCLUDE** |
| | ) | **EVIDENCE OF TIME-BARRED** |
| | ) | **COSTS** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff, Lammers Barrel PRP Group ("Plaintiff" or the "PRP Group"), seeks to hold Defendants ETC Sunoco Holdings, LLC f/k/a Sunoco, Inc. ("Sunoco") and Carboline Company ("Carboline") liable under CERCLA for cleanup costs at the Lammers Barrel Superfund Site (the "Site"). In their Motion for Summary Judgment, Sunoco and Carboline set forth evidence showing that, on or about April 9, 2002, Plaintiff entered into an Administrative Order on Consent (the "2002 AOC") with USEPA. (*See* Dkt. No. 60-1 at 5.) The 2002 AOC "concern[ed] the preparation of, performance of, and reimbursement for all costs associated with the performance of and oversight of the remedial investigation and feasibility study ("RI/FS") at the Lammers Barrel Factory Site." (*Id.*) Under Section 113(g)(3)(B) of CERCLA, Plaintiff had three years (until April 9, 2005) to file suit against Sunoco and Carboline to seek contribution for the RI/FS costs incurred

1

under the 2002 AOC, but no action was filed during that time. Thus, Sunoco and Carboline argued that Plaintiff was barred from recovering any costs related to the RI/FS (*id.* at 17-18).

In its response to Sunoco's and Carboline's Motion, Plaintiff did not dispute that claims for recovery of the RI/FS costs were time barred. Instead, Plaintiff asserted that "even if certain of Plaintiff's response costs related to the 2002 AOC are time-barred, the Court can still take the fact that Plaintiff has been incurring Site response costs since 2001" into account in deciding Plaintiff's alleged "Recalcitrance Claim," (*See* Dkt. No. 68 at 5-6). Plaintiff is incorrect because time-barred claims are legally irrelevant and they support nothing.

## II. LAW AND ARGUMENT

### A. Standard for Granting Sunoco's and Carboline's Motion *in Limine*.

This Court recently held as follows regarding granting a motion *in limine*:

> Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion *in limine*, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38,41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Also, pretrial orders often save the parties time and costs in preparing for trial and presenting their cases.

*Hobart Corp. v. Dayton Power & Light Co.*, No. 3:13-cv-115 (Sept. 23, 2019), 2019 U.S. Dist. LEXIS 162464, **62-63.

Additionally, Federal Rule of Evidence 401 provides that evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Evidence Rule 402 provides in part that "[i]rrelevant evidence is not admissible." Here, evidence of Plaintiff's past costs is irrelevant and thus inadmissible.

B.     **Evidence of Plaintiff's Past RI/FS Costs Is Inadmissible.**

The Court's equitable authority related to the allocation of response costs does not empower the Court to resurrect stale claims, either directly or indirectly, by considering time-barred costs in connection with a purported recalcitrance analysis. Thus, the authorities which Plaintiff cites concerning the "Gore factors" and PRP conduct are inapposite. *See Responsible Envt'l Solutions Alliance v. Waste Mgmt.*, No. 3:04cv013 (S.D. Ohio Feb. 3, 2011), 2011 U.S. Dist. LEXIS 14204 (Rice, J.); *Central Maine Power Co. v. F.J. O'Connor Co.*, 838 F. Supp. 641, 645 (D. Me. 1993)).

Here, neither Sunoco nor Carboline is responsible for any wastes that will be remediated at the Site, they have no culpability for same and they did not benefit from the disposal of any such waste, so the Court should not allocate any responsibility to them. In any event, none of the Gore factors relates to the costs previously incurred by PRPs at a site, and Plaintiff is time-barred from recovering its RI/FS costs directly, so evidence of those costs is irrelevant and thus inadmissible.

### III.     CONCLUSION

For the foregoing reasons, Sunoco and Carboline request that the Court enter an Order precluding the admission at trial of Plaintiff's costs that allegedly were incurred in connection with the RI/FS at the Site.

Date:  November 5, 2019                    Respectfully submitted,

*/s/ William E. Coughlin*
WILLIAM E. COUGHLIN (0010874)
Trial Attorney
SUSAN R. STROM (0043734)
RONALD M. McMILLAN (0072437)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 – Facsimile
*wcoughlin@calfee.com*
*sstrom@calfee.com*
*rmcmillan@calfee.com*

Attorneys for Defendants ETC Sunoco Holdings, LLC f/k/a Sunoco, Inc. and Carboline Company

4